**FILED**

NOV 2 3 2010

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Reginald Chandler, )
)
      Petitioner, )
)
v. )    Civil Action No. **10 2005**
)
Eric Holder, )
)
      Respondent. )

MEMORANDUM OPINION

This matter is before the Court on its initial review of the Petition for a Writ of Habeas Corpus and the petitioner's application to proceed *in forma pauperis*. The Court will grant the application to proceed *in forma pauperis* and dismiss the case for lack of jurisdiction.

The petitioner challenges his conviction and 188-month sentence imposed on September 8, 2006, by the United States District Court for the Northern District of Florida. *See* Pet. at 2, 5-6. A challenge to a federal conviction or sentence must be presented to the sentencing court by motion filed pursuant to 28 U.S.C. § 2255. *See Taylor v. U.S. Bd. of Parole,* 194 F.2d 882, 883 (D.C. Cir. 1952) (stating that a motion under § 2255 is the proper vehicle for challenging the constitutionality of a statute under which a defendant is convicted); *Ojo v. I.N.S.*, 106 F.3d 680, 683 (5th Cir. 1997) (explaining that the sentencing court is the only court with jurisdiction to hear a defendant's complaint regarding errors that occurred before or during sentencing).

Section 2255 provides specifically that:

[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise

subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Moreover,

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). The petitioner has not shown that his available remedy is inadequate or ineffective. This Court therefore lacks jurisdiction to entertain the petition. A separate order of dismissal accompanies this Memorandum Opinion.

United States District Judge

Date: November 20, 2010